By the Court, James, J.
The defendant was tried and convicted, in the Sessions, for selling liquor without having a license therefor. The indictment contained a count for selling by measure, in quantities less than five gallons, and also one for selling by the glass, to be drank upon - the premises, without having a license therefor, without authority of law, and contrary to the statute, &c.
The proof was of a sale qf less than five gallons, not drank on the premises, and a sale of one glass on Sunday, drank upon the premises.
The defendant produced a license as an inn or tavern-keeper, from the proper authorities of the county, which was in force at the time complained of.
At the close of the evidence, the defendant asked to have struck out the testimony of a sale on Sunday, as immaterial under the indictment. The motion was denied, and defendant excepted.
The case was submitted to the jury, and they were directed, “if they found that the defendant did sell liquor by the glass, on Sunday, to be drank upon his premises, they might find him guilty under the indictment, notwithstanding his license.”
The defendant asked the court to instruct the jury: 1st. That the license proved was a defense under the indictment for selling the glass of liquor proven to have been sold and drank on the premises. 2d. That unless the jury should find some other offense proved than that sale of a glass of liquor on Sunday, they could not convict under the indictment. The court refused so to charge, and defendant excepted.
•The excise law of 1857, section fourteen, prohibits the sale of liquors to be drank on the premises where sold, unless the seller has a license therefor as an inn, tavern or hotel- *660 keeper, under a forfeiture of $50 for each offense; and section twenty-nine further declares every such offense a misdemeanor, punishable by a fine of $100 and imprisonment for three months. Section two empowers commissioners of excise to grant licenses to keepers of inns, taverns or hotels, to sell liquors to be drank in their houses. Section six specifies the requirements to obtain such license, and directs the insertion of certain of these requirements therein. Section seven provides for a bond, and specifies its conditions; but there is not required to be inserted, either in the license or bond, any inhibition or condition against selling liquor on Sunday. Upon its face, the license covers the whole period for which it is granted, and each and every day thereof.
It is an elementary principle that an indictment, in stating the offense, should specifically set forth all the facts and circumstances necessary to constitute that offense. Such a degree of certainty is necessary that the defendant may not be indicted for one offense and tried for another; that he may know distinctly and positively what crime he is called upon to answer; that the jury may deliver an intelligible verdict; that the court may render the proper judgment, and the defendant may, with proper averments, plead the judgment in bar of another prosecution for the same offense.
The indictment in this case was for an act prohibited by section fourteen of the excise law. Its gravamen was that the accused had sold liquor to be drank on his premises, without having a license therefor. The plea of “not guilty ” put all these allegations in issue. It amounted to a denial as well as a defense. A sale was proved, and so was the defense. The license being without any condition or restriction, and covering the period of sale, was a complete defense to the offense charged. .
Section twenty-one of the excise act declares that no inn, tavern or hotel-keeper shall sell or give away any *661 intoxicating liquors on Sunday as a beverage, making it a misdemeanor punishable by imprisonment not exceeding twenty days, and it was insisted that selling on Sunday was selling without a license, and that a conviction for that offense was proper under the indictment in this case. But such was not the intention, nor would it be a fair construction of the statute. The whole act must be consulted m its construction; and, by so doing, the offenses sought to be blended as one will be shown to be separate and distinct, with different penalties, and applicable to persons in different conditions.
Section fourteen reaches all persons selling, on any day of the week, without a license; section twenty-one affects' only persons licensed as inn-keepers, on one particular day of the week, and affects gifts as well as sales. One is prohibitory; the other regulative.
Under .an indictment for selling without having a license, the accused could not know that he was to be tried for selling on the Sabbath; nor would the record of conviction under such an indictment, even if well pleaded, be a bar to a special indictment under section twenty-one, for the same offense.
It was urged that section twenty-nine of the excise law is general; that it had so been held in this court (People v. Gilkinson, 4 Park.- Cr. Rep., 28), and hence there was both a special and general penalty given for each offense. It is not necssary to deviate from the ruling in the case of The People v. Gilkinson, in order to sustain the exceptions in this cáse; on the contrary, we may concur in the construction in that case given, to the words “which offenses,” in section twenty-nine, without holding that the excise statute provided both a special and general penalty for each offense. „
In the construction of statutes, general words in one clause may be restz’ained by particular words in a subsequent clause of the same statute. (Dwarris, 658.) So *662 where a general intention is expressed, and the act also expresses a particular intention, the particular intention is to be considered in the nature of an exception. (Ib., 658; Churchill v. Crease, 5 Bing., 180, 492, 493.) So, if a particular thing be given or limited in the preceding parts of a statute, it shall not be taken away or altered by any subsequent general words of the same statute. (Bwarris, 658.) In the excise statute a particular intention was expressed, prohibiting licensed inn-keepers from selling or giving away spirituous liquors, as a beverage, on Sunday, and fixing a special penalty for its violation. Other than licensed dealers could give it away on that day, and licensed dealers might sell it on that day for other purposes than a beverage, clearly demonstrating that this clause of the statute was for a special purpose, with a special penalty, and not incompatible with the general scope and intention of the act; therefore, its restrictive quality is not taken away or destroyed by the subsequent general words of the act, but are as exceptions to the general clause.
It was insisted that if the charge of the court, to .which exception was taken, was wrong, a new trial should not be granted, because the uncontradicted evidence, to which no objection was made, showed the defendant guilty of selling by measure. In a criminal case, the question of guilt is one wholly for the jury. There was sufficient evidence to have warranted them in convicting the defendant under the first count; but as their verdict was general, we cannot say they based their verdict on .that offense. It may have been for the other offense charged. In a bill of exceptions, if an exception is well taken, the verdict must be set aside and a new trial granted, unless the appellate court can see that the error was such that no injury could arise from it to the excepting party.
The county judge erred in refusing to strike out the evidence of a sale on Sunday, and also in his instructions *663 to the jury that the license produced constituted no defense to the sale oh Sunday.
Conviction reversed, and cause remitted to county court for new trial.